DEACON v. I. W. & C. HORN CO.

(Supreme Court, Appellate Term, First Department.  May 11, 1915.)

1. SALES &wkey;417—ACTION FOR PRICE—COUNTERCLAIM FOR DELAY.
    In an action for the agreed price of certain marble furnished to de-
fendant, evidence that it was not furnished at the stipulated time, that
it was ordered from drawings, and that plaintiff knew the purpose for
which it was to be used, and that delay would result in damage, and
that the marble could not be purchased elsewhere without further delay,.
is sufficient to sustain a counterclaim for damages caused by the delay.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. § 1173;  Dec. Dig.
&wkey;417.]

2. SALES &wkey;418—ACTION FOR PRICE—COUNTERCLAIM FOR DELAY—JUDGMENT.
    In an action for the agreed price of marble sold to defendant and re-
tained by him, where he filed a counterclaim for delay in delivery, it was
error to render judgment for the full amount of the counterclaim, since
.defendant could recover only the excess of the counterclaim over the·
agreed price for the marble.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1174–1201;  Dec..
Dig. &wkey;418.]

Appeal from Municipal Court, Borough of Manhattan, First Dis-
trict.

Action by William H. Deacon against the I. W. & C. Horn Com-
pany.  Judgment for the defendant for the full amount of his counter-
claim, and plaintiff appeals.  Judgment modified by reducing it to the
excess of defendant's counterclaim over plaintiff's claim, and, as mod-
ified, affirmed.

Argued March term, 1915, before LEHMAN, HENDRICK, and
COHALAN, JJ.

Louis H. Porter, of New York City (William C. Dodge, of New
York City, of counsel), for appellant.

Max Shlivek, of New York City, for respondent.

LEHMAN, J.  [1] The plaintiff sued for the sum of $195, the·
agreed price of certain marble which was furnished to the defendant.
The defendant set up a counterclaim for the sum of $200 for damages
suffered by the failure of the plaintiff to furnish the stone at the agreed
time.  He presented evidence which, in my opinion, sufficiently shows
that the marble was ordered from drawings, and that the plaintiff
knew the purpose for which it would be used, and that delay beyond
the stipulated time would cause damage to the defendant.  He further
showed that he could not have bought the marble in the market without
suffering further delay.  Upon this proof the trial justice dismissed
the complaint and gave the defendant judgment on his counterclaim
for the amount of damages suffered by the delay.

[2] I think that the evidence is sufficient to sustain a judgment on·
the counterclaim, but the defendant cannot retain the marble and re-
ceive damages for the delay without paying for the marble.  The trial
justice should therefore have given judgment for the amount demand-
ed by the complaint, and deducted this amount from the judgment on·

&wkey;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the counterclaim, giving to the defendant an affirmative judgment for only the difference, which amounts to $5.

Judgment is therefore modified by reducing it to the sum of $5 damages, with appropriate costs in the court below, and, as modified, affirmed, without costs to either party. All concur.